IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEIL B. STAFFORD, | CASE NO: 1: 15-CV-00523-MC |
| Plaintiff, | ORDER AND OPINION |
| V. | |
| KRISTIN WINGES-YANEZ; MICHAEL WU; SID THOMPSON; BRENDA CARNEY; | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Neil B. Stafford, proceeding *pro se*, brings claims under 42 U.S.C. § 1983 alleging defendants—members and the executive director of the Oregon Board of Parole—violated his due process rights by labelling him a "Predatory Sex Offender" without a prior evidentiary hearing. Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15. Stafford filed a motion for summary judgment. ECF No. 19. Because Stafford's claims are barred by claim preclusion and the statute of limitations, this Court GRANTS Defendants' Motion to Dismiss and DENIES Stafford's Motion for Summary Judgment. This action is therefore DISMISSED, with prejudice.

**Factual Background**

In 1995, Stafford was convicted of attempted sex abuse by "grooming." ECF No. 1, 1. The court defined grooming as acclimating a potential victim to the non-sexual touch of the

1 – ORDER AND OPINION

potential abuser in order to lay the groundwork for future abuse. *Id.* After completing his sentence, Stafford was released from the Snake River Correctional Institute on June 26, 2003 and was on parole until January 31, 2008. *Id.* at 1 – 2. Before his release from prison, the Oregon Board of Parole and Post-Prison Supervision designated Stafford as a "Predatory Sex Offender," allegedly without a prior evidentiary hearing. *Id.* at 3. Though he is no longer on parole, the Board maintains Stafford's "predatory sex offender" designation. Since his release, Stafford has lodged numerous complaints and requests to challenge his designation with the Board. *See, e.g., id.* at 10 – 16.

It is Stafford's fervent belief that the Board violated his due process rights as articulated in *Noble v. Board of Parole and Post-Prison Supervision*, 327 Ore. 485 (1998), when it failed to provide him with an evidentiary hearing before designating him as a "predatory sex offender." In 2007, Stafford filed a Writ of *Habeas Corpus* alleging, in part, that "Petitioner was denied due process to contest the 'predatory sex offender' label by not receiving notice and an evidentiary hearing." *Stafford v. Board*, Case No. 07-cv-00088, ECF No. 10, 4. Stafford therefore requested that the label be invalidated and "deleted from the records." *Id.* In 2009, Stafford filed a 42 U.S.C § 1983 claim against members of the Board reiterating the arguments from his 2007 petition. *Stafford v. Powers*, Case No. 09-cv-03031, ECF No. 10, 4 – 6. Both complaints were dismissed with prejudice. *Board*, Case No. 07-cv-00088, ECF No. 32; *Powers*, Case No. 09-cv-03031, ECF No. 66. This Court takes judicial notice of these two cases under Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 – 89 (9th Cir. 2001).

In this action, Stafford requests money damages to compensate him for his injuries arising from the following: (1) the requirement that he post a "predatory sex offender" sign on

his residence; (2) publish a notice in the local newspaper; (3) distribute notices to residents in and around his home; (4) loss of reputation; (5) loss of income from gardening/handyman services; and (6) loss of $1500 taken from Stafford's social security payments. ECF No. 1, 3. Stafford requests $240,000, punitive damages, the removal of the "predatory sex offender" label, and that the Board inform sex offenders that they have a right to contest the "predatory sex offender" designation and have an evidentiary hearing. ECF No. 1, 6 – 7.

## Standard of Review

To survive a motion to dismiss under rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## Discussion

The defendants argue that Stafford's complaint should be dismissed on two grounds. First, defendants argue claim preclusion, or *res judicata*, bars Stafford's claims, as he previously

3 – ORDER AND OPINION

litigated the same claims in 2007 and 2009. Second, defendants argue the statute of limitations bars Stafford's claims. This Court finds both arguments persuasive.

## A. Claim Preclusion

Claim preclusion generally prohibits a plaintiff from re-litigating claims that have been brought or could have been brought in a previous action. Restatement (Second) of Judgments § 24(1). Claim preclusion applies to 42 U.S.C. § 1983 claims. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Federal courts apply state preclusion law. *Marrese v. Am. Acad. Of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985). In Oregon, claim preclusion applies when a plaintiff files a suit against the same defendant and the claim in the second suit: (1) is based on the same factual transaction that was at issue in the first; (2) seeks an additional or alternative remedy to the one sought earlier; and (3) could have been joined in the first action. *Handam v. Wilsonville Holiday Partners, LLC*, 221 Ore. App. 493, 498 (2008).

2013 Oregon law states that the Board shall reclassify sex offenders convicted before January 1, 2014, under a three-tiered system no later than December 1, 2016. 2013 Or. Laws Ch. 708 § 7(1)(a) (HB 2549). As a default, offenders who are labeled "predatory sex offenders" will be designated as level-three sex offenders. *Id.* at § 7(2)(b). Following the classification process, the Board shall notify the offender of their level as soon as practicable. *Id.* at § 7(3). After receiving notice of the classification, the sex offender will have sixty days to petition the board for review. *Id.* at § 7(5)(a). An existing registrant may *not* petition the board for review until either all existing registrants have been classified under the new system, or before December 1, 2016. *Id.* at § 7(7).

In the case at hand, Stafford argues that he was denied notice and an evidentiary hearing in 2003 when the Board designated him as a "predatory sex offender." He further argues that the

*current* Board has *continually* denied him this hearing as he has repeatedly requested it. For Stafford, his current complaint is not about the 2003 designation without a hearing, which he acknowledges was previously litigated, ECF No. 19, 1. Instead, his current complaint is about present efforts and the present board's denials of his due process rights, ECF No. 17, 3. However, Defendants are not denying Stafford's hearing anew. In fact, they lack the authority to do so. The current Board may not change Stafford's designation because it has not yet classified existing registrants and it is not yet December 1, 2016. 2013 Or. Laws Ch. 708 § 7(7) (HB 2549). Therefore, there cannot be a new cause of action because the board does not have the authority to change Stafford's designation. The injuries Stafford experiences due to the "predatory sex offender" label still arise from the Board's alleged failure to hold an evidentiary hearing in 2003.

Stafford also argues that this suit cannot be barred by *res judicata* because his claim is against different defendants. Stafford filed his previous suits against members of the Board of Parole in their capacity as board members. *Board*, Case No. 07-cv-00088; *Powers*, Case No. 09-cv-03031. Even though Stafford does not specify that his suit is against the board members in their role as board members, his previous suits mentioned the then-current members of the board, *see, id.*, and the requested relief stems from the defendants' professional role. In other words, Stafford is still suing the Board of Parole, and therefore the same defendant even though there was a staffing change.

Stafford previously litigated his due process rights as it related to his "predatory sex offender" designation in his 2007 *habeas* petition, *Stafford v. Board*, Case No. 07-cv-00088, and again in 2009, *Stafford v. Powers*, Case No. 09-cv-03031. His complaints in both instances were dismissed with prejudice. Those decisions are final. Stafford agrees that those decisions were final, even if the results were incorrect from his point of view. ECF No. 19, 1. Accordingly,

5 – ORDER AND OPINION

because the new complaint is against the same defendant, arose out of the same facts and circumstances as the first suit, there is an additional remedy sought, and the current action could have been joined to the previous actions, Oregon claim preclusion law bars Stafford's current complaint.

## B. Statute of Limitations

Even if claim preclusion does not bar Stafford's claims, the statute of limitations does. Although 42 U.S.C. § 1983 does not contain a statute of limitations, district courts adopt the closest analogous statute of limitations from state law. *Sain v. City of Bend*, 309 F.3d 1134, 1136 (9th Cir. 2002). In Oregon, as § 1983 claims are most closely analogous to personal injury actions, the relevant statute of limitations is two years. *Id.*; O.R.S. § 12.110. Oregon and the Ninth Circuit generally espouse that the Discovery Rule governs the start of the tolling period for a statute of limitations. *T.R. v. Boy Scouts of Am.*, 344 Or. 282, 292 (2008); *Golden Gate Hotel Ass'n v. City and Cnty. of San Francisco*, 18 F.3d 1482 (9th Cir. 1994). This rule states that as soon as the plaintiff is aware, or should reasonably be aware, that an injury occurred, and knew or should have known that the defendant caused the injury, the statute of limitations period begins to run. *T.R.*, 344 Or. at 291 – 92.

Stafford claims that this action is not time-barred because the current complaint alleges new claims against new defendants. ECF No. 17, 3. Stafford believes that his claims in this action arise from the Board's continual failure to provide him with the evidentiary hearing and their "indifference and negligence." *Id.* However, the Board lacks the authority to grant Stafford an additional hearing. 2013 Or. Laws Ch. 708 § 7(7) (HB 2549). Therefore, the Board's actions, or lack thereof, could not have continually injured Stafford and the only allegedly injurious action took place in 2003.

Stafford knew or should have known that the "predatory sex offender" label would be injurious no later than 2003 when he was released from prison and designated a "predatory sex offender," allegedly without a hearing. There is ample evidence that he knew the label would be injurious; he filed a *habeas* petition in 2007 and a § 1983 action in 2009 seeking to remove the harmful designation. *Board*, Case No. 07-cv-00088; *Powers*, Case No. 09-cv-03031. Moreover, Stafford wrote an objection to his 2003 classification when the Board first notified him of the designation. *Powers*, Case No. 09-cv-03031, ECF No. 10 – 2. Because Stafford knew about the injury in 2003, the statute of limitations began running in 2003 and expired in 2005. Therefore, the statute of limitations bars Stafford's claims.

## Conclusion

I am not unsympathetic to Stafford's situation. Accepting his allegations as true, the Board violated his due process rights by labelling him a "predatory sex offender" in 2003, without first providing Stafford notice or an opportunity to defend himself. But Stafford already litigated his due process argument. Right or wrong, based on the merits or not, the Ninth Circuit affirmed the district court's dismissal of that argument. Therefore, Defendants' Motion to Dismiss, ECF No. 15, is GRANTED, and Stafford's Motion for Summary Judgment, ECF No. 19, is DENIED. This action is DISMISSED, with prejudice. As I am limited to the claims and arguments presented in actual cases or controversies before me, I take no position on whether Stafford can somehow raise another argument centered on some sort of ongoing harm theory. IT IS SO ORDERED.

DATED this 9 day of September, 2015

Michael McShane
United States District Judge

7 – ORDER AND OPINION